UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

Judaea Deshawnda Murphy,                          Case no: 12-65000
                                                                   Chapter 13
       Debtor                                                Hon. Walter Shapero

_____/

State Farm Fire & Casualty Company,

      Plaintiff,

v.                                                                         Adv. Pro: 12-06181

Judaea Murphy,

      Defendant.
_____/

## OPINION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

State Farm Fire & Casualty Company ("Plaintiff") filed this adversary proceeding against the debtor Judaea Deshawnda Murphy ("Defendant") for nondischargeability under 11 U.S.C. § 523(a)(4) alleging that Defendant committed defalcation while acting in a fiduciary capacity. Plaintiff had issued a bond incident to Defendant having been appointed by the state Probate Court as Trustee of the Valerie Shelby Special Needs Trust ("Trust"). The sole beneficiary of the Trust was Defendant's aunt ("the Beneficiary").

Defendant filed the Trust's first annual accounting, after which the Probate Court appointed a guardian ad litem whose report, among other things, recommended that Defendant be removed as trustee. The Probate Court removed Defendant and appointed a successor trustee. The

1

guardian ad litem's recommendations alleged poor accounting by Defendant and inappropriate payments of Trust funds for the benefit of individuals other than the Beneficiary, in breach of the Trust instrument.

The successor trustee moved the Probate Court to surcharge the Defendant pursuant to the alleged Trust breaches. Eventually a stipulated order was entered in the Probate Court surcharging Defendant and Plaintiff, jointly and severally, in the amount of $10,546 plus $2,500 for the fees and costs of the successor trustee. That order did not itself specify the basis for the judgment or the factual findings that led to it. It did specifically conclude by saying that it had no effect on Defendant's indemnity obligation to the Plaintiff. Plaintiff satisfied the judgment against it and thereafter sued Defendant in state court for indemnification. Defendant then filed this bankruptcy case in which Plaintiff filed this adversary proceeding under § 523(a)(4) seeking nondischargeability of that indemnification obligation. Plaintiff then moved for summary judgment (Docket No. 9).

Federal Rule of Civil Procedure 56 provides the statutory basis for summary judgment, and is made applicable to adversary proceedings via Federal Rule of Bankruptcy Procedure 7056. Summary judgment is only appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. (emphasis original). A "genuine" issue is present "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "The initial burden is on the moving party to demonstrate

that an essential element of the non-moving party's case is lacking." Kalamazoo River Study Grp. v. Rockwell Int'l Corp., 171 F.3d 1065, 1068 (6th Cir. 1999)(citing Anderson, 477 U.S. at 248).

Defendant's affidavit in support of her response to Plaintiff's motion states that (1) Defendant was reluctant to act as Trustee and only did so at the request of the Beneficiary, (2) that she lacked an understanding of the legal and financial responsibilities incident to being the Trustee, (3) all funds she paid out of the Trust (including payments to, or for the benefit of, members of the Beneficiary's family) were at the direction of the Beneficiary, and were what Defendant believed to be in the best interests of the Trust, and (4) she otherwise acted in good faith and pursuant to the advice of involved attorneys.

There is no question that Defendant was a fiduciary within the meaning of § 523(a)(4), nor that Plaintiff suffered the indicated loss. The issue before this Court now is essentially whether as a matter of law Defendant committed "defalcation" under § 523(a)(4). Plaintiff does not argue that the state Probate Court's findings should be given collateral estoppel effect. The law of this Circuit on defalcation was set forth in the case of In re Patel, 565 F.3d 963 (6th Cir. 2009), where that Court (relying on its prior decision in In re Johnson, 691 F.2d 249 (6th Cir. 1982)) and finding that the actions in In re Patel could be sufficient to constitute defalcation, stated at page 970, "…so long as the use was not the result of mere negligence or a mistake of fact." The In re Patel Court then went on to state that in the Sixth Circuit "there is no such thing as 'defalcation per se' and instead the debtor must have been objectively reckless in failing to account for or allocate funds." Id. See also In re Gaskill, 480 B.R. 290, 303-304 (Bankr W.D. Mich. 2012).

3

Neither the state Probate Court surcharge order, nor the recommendation on which it was based, concluded or opined upon whether Debtor was "objectively reckless" in her actions, or whether she acted negligently or under a mistake of fact.  Neither is there presently any uncontested evidence before this Court as to such.  Defendant's removal as Trustee and the surcharge against her could have been occasioned only by her breach of the terms of the Trust instrument, although Defendant continues to deny that such a breach ever occurred.  Taking the above facts in a light most favorable to the non-moving Defendant, as is required, in this Court's view, there exists a genuine issue of material fact as to whether the circumstances causing Defendant to be surcharged for her conduct as Trustee (while they may have been good grounds for the surcharge) constituted defalcation under § 523(a)(4) as defined by the cited law in this Circuit.  Therefore, Plaintiff has not met its burden of proving it is entitled to judgment as a matter of law.  Accordingly, Plaintiff's Motion for Summary Judgment is denied and an order to that effect is being entered contemporaneously.

.

**Signed on April 23, 2013**

                                                **/s/ Walter Shapero**
                                      **Walter Shapero**
                                      **United States Bankruptcy Judge**